UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE KNOWLIN,

        Petitioner,

v.                                                 Case No. 19-cv-1046-pp

SHERIFF GRADY HARTMAN,

        Respondent.

**ORDER DENYING AS MOOT PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PETITIONER'S MOTION TO DISQUALIFY JUDGE (DKT. NO. 6) AND DISMISSING PETITION**

On July 22, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. He says that this petition challenges the "inordinate delay" by the courts in the Eastern District of Wisconsin in rendering a decision in his *other habeas* petition, Knowlin v. Delain, 19-cv-261. Id. The petitioner also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. A week later, he filed a motion to disqualify Judge Pepper as the presiding judge. Dkt. No. 6.

**II.    Motion to Disqualify Judge (dkt. no. 6)**

The petitioner's motion to disqualify Judge Pepper cites 28 U.S.C. §455(a) as the basis for his request. Dkt. No. 6. He writes that he filed his second *habeas* petition because of a "due process violation for the undue delay in rendering a decision in Knowlin v. Delain." Id. at 1. He notes that §455(a) requires a judge to recuse herself "in any proceeding in which his/her impartiality might reasonably be questioned." Id. at 2 (citing Weddington v. Zatecky, 721 F.3d 456 (7th Cir. 2013)). The petitioner argues that Judge

1

Pepper's impartiality might reasonably be questioned because she unduly delayed acting on his first *habeas* petition, and because both the first and the second petitions were assigned to Judge Pepper. Id. In Weddington, the Seventh Circuit held that a district court judge had to recuse herself from presiding over a *habeas* petition that challenged issues raised in a trial over which she'd presided as a state court judge years earlier. Weddington, 721 F.3d at 459-460. The Seventh Circuit concluded that "[r]eview of the habeas petition on the merits may require [the federal judge] to review the 2005 proceedings with respect to a suppression motion aimed at the same stop and search as the one involved in the suppression motion on which she ruled in the 2003 case," and that this could "seriously affect the fairness and public reputation of the judicial proceedings and create the appearance of impropriety." Id. at 463.

    28 U.S.C. §455(a) states that "Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The petitioner claims that Judge Pepper's impartiality might reasonably be questioned for two reasons: (1) his first petition has been pending for seven months with (at the time the petitioner filed this motion) no action, and (2) the clerk's office assigned both the original (and in the petitioner's mind, unduly delayed) petition and this second petition (challenging that delay) to Judge Pepper.

    As to the first issue—the alleged "undue" delay in taking action in Knowlin v. Delain, Case No. 19-cv-261: The court first notes that it has taken action in this case, and that the petitioner likely will receive the order in that case and this order around the same time. Second, while the petition in 19-cv-261 was filed on February 19, 2019—seven months ago—the petitioner is incorrect that the court did not take action for that amount of time. Judge

2

Duffin screened the petition, and recommended that Judge Pepper *dismiss* it, on February 27, 2019. Knowlin v. Delain, Case No. 19-cv-261 at dkt. nos. 2-10. The petitioner did not file his objection until March 7, 2019. Id. at Dkt. No. 13. The petitioner apparently anticipated that this court would rule on that objection within sixty days, because he filed a supplemental objection on May 17, 2019. Id. at Dkt. No. 15. That expectation was unreasonable under any circumstances. More to the point, however, Judge Pepper acknowledges that as a result of the current circumstances in the Eastern District of Wisconsin, she is not able to issue decisions in every case as quickly as she (and the parties) would like. The Milwaukee Division of the Eastern District of Wisconsin is assigned four district court judges. One of those four judges passed away over three years ago, and another judge has not yet been appointed to succeed him. At the same time, the court's case load has increased to its highest level in two decades. By law, the court must prioritize criminal cases, because they are subject to the requirements of the Speedy Trial Act, and the court has a substantial number of criminal cases and defendants. While the court understands the petitioner's desire to have his case move as quickly as it possibly can, the fact that it has taken the court some time to act on his petition and motions does not reflect on Judge Pepper's impartiality. It reflects on her case load. Nor is it unusual for a *habeas* petitioner to wait months for decisions; other *habeas* petitioners with cases before Judge Pepper have waited for answers far longer than this petitioner.

      Nor does the second issue—the fact that both cases are assigned to Judge Pepper—reflect on Judge Pepper's impartiality. Long before Judge Pepper became a federal judge, the judges in the Eastern District established a policy that all cases filed by a plaintiff or petitioner representing himself would

3

be assigned to the same judge. This policy prevents parties from "judge shopping—trying to get around a ruling they don't like by filing the same issue in front of a different judge. It also enables the judge with the most experience with, and institutional knowledge about, a particular plaintiff or petitioner to handle that person's cases. The fact that the clerk's office assigned both petitions to Judge Pepper is not evidence that she is not impartial; it is a result of the long-standing policy described above. "Allegations of bias stemming from present and past cases in which the judge and the moving party were involved are not proper grounds for recusal." United States v. Barnes, 909 F.2d 1059, 1072 (7th Cir. 1990).

The court will deny the petitioner's motion.

## II. Motion for Leave To Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

The petitioner's trust account statement shows that he had a balance of only $0.12 as of July 14, 2019, and that he never had more than $14.15 in his trust account during the three prior weeks. Dkt. No. 3. The court finds that the petitioner does not have the money to pay the $5.00 filing fee due in *habeas* cases. Before the court can allow the petitioner to proceed, however, it must screen his petition under Rule 4 of the Rules Governing §2254 cases. Rule 4 says:

> If it plainly appears from the petitioner and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The petitioner has not stated a proper ground for federal *habeas* relief. The sole claim in this petition is that the petitioner has suffered a violation of

4

his due process rights because this court delayed in taking action in his other *habeas* case, Knowlin v. Delain, Case No. 19-cv-261. That is not an appropriate ground for *habeas* relief under 28 U.S.C. §2254. Section 2254 allows prisoners who are in custody by way of a state court judgment to ask a federal court for relief for the *state* court's alleged violations of federal laws or the federal Constitution. The petitioner *has* filed a case like that—it is Case No. 19-cv-261, which asks this federal court to review his state court parole revocation proceedings. This second petition—which is nothing more than a motion to expedite a decision in case number 19-cv-261—is not a proper *habeas* petition and the court will dismiss it.

## III.   **Certificate of Appealability**

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner has not stated a ground for *habeas* relief under 28 U.S.C. §2254.

## III.   **CONCLUSION**

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the petitioner's motion to disqualify judge is **DENIED.** Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 20th day of September, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**